UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LUIS DE LA CRUZ,<br><br>    Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANA, WARDEN,<br><br>    Respondent. | Civil Action No. 14-28-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Luis De La Cruz is an inmate confined in the Federal Medical Center located in Lexington, Kentucky. De La Cruz has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug convictions and his 20-year sentence. [R. 1, as supplemented at R. 15]  He has also filed motions seeking the appointment of counsel, the production of records, expansion of the record, and an order to hold this proceeding in abeyance pending a ruling from the United States Supreme Court. [R. 7-9, 13-17]  De La Cruz has paid the $5.00 filing fee. [R. 12]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates De La Cruz's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court accepts his factual allegations as true, and

construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because De La Cruz cannot pursue his claims under 28 U.S.C. § 2241. The Court will also deny as moot De La Cruz's pending motions.

## BACKGROUND
### 1. De La Cruz's Criminal Conviction and Appeal

On April 3, 2001, De La Cruz was indicted on one count of conspiracy to possess with intent to distribute heroin, under 21 U.S.C. § 846. *United States v. Luis De La Cruz*, No. 1:01-CR-10118-JLT-1 (D. Mass. 2001) [R. 13, therein] On October 24, 2002, a three-count superseding indictment was returned, adding a substantive distribution count under 21 U.S.C. § 841, and an aiding and abetting count under 18 U.S.C. § 2. [R. 107, therein] All three counts alleged that the offense resulted in the death of Bryan Wallace.

On December 8, 2004, a second superseding indictment was returned containing a section 846 conspiracy count and a section 841 substantive offense count. [R. 188, therein] Both counts alleged that the offense resulted in the death of Bryan Wallace. In addition, the indictment alleged that De La Cruz was accountable for at least 1 kilogram, but not more than 3 kilograms, of heroin; that De La Cruz was the supervisor or manager of a criminal enterprise that involved at least five participants; and that death and serious bodily injury resulted from the use of the heroin distributed by De La Cruz. [*Id.*]

On May 12, 2005, after a two-week trial, the jury found De La Cruz guilty of the two offenses charged in the second superseding indictment. [R. 330, therein] In addition, the jury found, among other things, that the conspiracy involved one kilogram or more of a substance containing heroin, that heroin was a "but-for" cause of Wallace's death, and that

the heroin distributed as part of the conspiracy caused Wallace's death. [*Id.*, p. 2] On the substantive count, the jury also found that Wallace's ingestion of heroin was a "but-for" cause of his death, and that the heroin that caused Wallace's death had passed through De La Cruz's hands. [*Id.*, p. 3]

On February 14, 2006, the district court sentenced De La Cruz to a 20-year prison term, and 5-year term of supervised release.[1] The 20-year sentence reflected the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(C), which applies when a death results. De La Cruz appealed, raising eight alleged errors, but his conviction was affirmed. *United States v. De La Cruz*, 514 F.3d 121 (1st Cir. 2008), *cert. denied*, 129 S.Ct. 2858 (2009). The court also affirmed the denial of his motion for a new trial. *See De La Cruz*, 514 F.3d at 141.

## 2. De La Cruz's § 2255 Motion

On January 11, 2010, De La Cruz filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting grounds for challenging his conviction and sentence. [R. 411, therein][2] On February 25, 2010, De La Cruz also filed a motion seeking relief from his

---

[1] This Court cannot electronically access De La Cruz's Criminal Judgment via PACER, but the February 14, 2006, docket entry verifies that he received a 240-month (20-year) prison sentence.

[2] De La Cruz alleged that his Sixth Amendment right to effective assistance of counsel was violated because his trial counsel failed to take various actions on his behalf and failed to properly represent him in numerous instances. He also claimed that his Sixth Amendment right to confront witnesses was violated when the government did not call the physician who conducted Wallace's autopsy as a witness at the trial, but instead used the physician's grand jury testimony, and where the government's expert witness was allowed to testify about the results of the blood test and autopsy performed on Wallace, when that expert had not performed either test himself.
De La Cruz further alleged that the district court violated his Fifth Amendment right to due process of law by submitting jury instructions which did not require the jury to determine drug quantities that were "reasonably foreseeable" to him in relation to Wallace's death, and by imposing a statutory minimum sentence that was unconstitutional pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007). He also argued that the evidence did not support either his conviction for "death resulting" to Wallace, or the jury's conclusion that Wallace's death was reasonably foreseeable. Finally, De La Cruz claimed that he was entitled to relief from judgment under Fed. R. Civ. P. 60(b) because the government committed fraud by (a) failing to disclose its intention to elicit testimony from its chemist about the purity of the heroin; (b) using a cooperating witness's contradictory statements at trial; and (c) failing to disclose certain relevant information.

3

sentence under Federal Rule of Civil Procedure 60(b), alleging that the government used fraud to convict him. [R. 423, therein]

On February 21, 2012, the Magistrate Judge issued a lengthy Report and Recommendation ("R & R") finding that all of De La Cruz's claims lacked merit and that his § 2255 motion should be denied. [R. 500, therein; *see also United states v. De La Cruz*, No. 1:01-CR-10118-JLT, 2012 WL 769761 (D. Mass. Feb. 21, 2012] De La Cruz filed objections to the R & R [R. 501, therein], but on March 5, 2012, the district court overruled his objections, adopted the R & R, and denied the § 2255 motion. [R. 502, therein]

De La Cruz appealed, but the First Circuit denied his request for a certificate of appealability, finding that he had not made "'a substantial showing of the denial of a constitutional right.' See 28 U.S.C. § 2253(c)(2)." [R. 528, therein]; *Luis De La Cruz v. United States*, Nos. 12–1515, 12-1761 (1st Cir. Sept. 10, 2012). De La Cruz also attempted to obtain a writ of habeas corpus directly from the United States Supreme Court, but On October 7, 2013, the Supreme Court summarily denied De La Cruz's petition for a writ of habeas corpus. *In re: De La Cruz*, 134 S.Ct., 187 L. Ed. 2d 267 (2013).

### 3. De La Cruz's Motion to Reopen the § 2255 Proceeding

On July 1, 2013, De La Cruz filed a motion to reopen the § 2255 proceeding. [R. 535] De La Cruz sought two forms of relief: (1) the appointment of counsel to file a motion arguing that *Burrage v. United States*, 134 S.Ct. 881 (2014), required his conviction to be set aside; and (2) an order finding that his sentence violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3] De La Cruz alleged that under *Alleyne*, it was error for the district court

---

[3] In *Alleyne*, the Supreme Court held that facts that serve to increase or impose a mandatory minimum sentence are "elements" that must be submitted to the jury for determination beyond a reasonable doubt, and may not be determined by the sentencing court using a preponderance of the evidence standard. *Alleyne*, 133 S. Ct. at 2155, overruling *Harris v. United States*, 536 U.S. 545 (2002).

4

to have adopted the Presentence Investigation Report finding him responsible for 1052 grams of heroin, and that the jury did not find the drug quantity attributable to him beyond a reasonable doubt, because it considered only the quantity of drugs attributable to the conspiracy as a whole.

On January 13, 2014, the district court denied De La Cruz's request for appointed counsel as to his potential *Burrage* claim, but allowed him to re-submit that claim after the Supreme Court decided *Burrage*. [R. 540, p. 1 therein] The district court denied De La Cruz's other request, finding that no *Alleyne* violation occurred. [*Id.*, pp. 2-4] The district court explained that the *jury* had determined the that De La Cruz and others conspired to distribute, and conspired to possess with intent to distribute, one kilogram or more of heroin that resulted in Wallace's death; that the *jury*, not the not court, determined that the conspiracy involved a one-kilogram drug quantity which triggered the 20-year mandatory minimum sentence; and that the *jury*'s determination of drug quantities attributable to the conspiracy triggered a statutory maximum sentence of life in prison, which the district court did not exceed by sentencing De La Cruz only to a 20-year prison term. [*Id.*, at pp. 2-3]

Further, the district court explained that the jury was not required to determine the drug quantity specifically attributable to De La Cruz, or whether the heroin which Bryan Wallace ingested was specifically attributable to De La Cruz, noting that De La Cruz's argument on this issue was "….simply an attempt to relitigate an argument already rejected by the First Circuit on direct appeal." [*Id.*, at p. 3] The district court concluded, "In any event, all facts relevant to the twenty-year minimum sentence were determined by

5

the jury and Alleyne is not implicated." [*Id.*] De La Cruz appealed [R. 542, therein], and his appeal is currently pending in the First Circuit Court of Appeals as Case No. 14-1131.

In response to that adverse ruling, De La Cruz filed a "Motion for Issuance of Certificate of Appealability" on February 18, 2014. [R. 546, therein] De La Cruz again argued that the district court violated his Sixth Amendment rights by failing to require the jury to determine the exact amount of heroin that he distributed and for which he was responsible. He also reiterated that *Alleyne* and *Burrage* make clear that he should not have been subject to penalty enhancement provisions of the Controlled Substances Act because the jury was not asked to determine whether his heroin distribution actually and proximately resulted in Wallace's death. [*Id.*]

On March 4, 2014, the district court denied that motion. *De La Cruz v. United States*, No. 01-CR-10118-JLT, 2014 WL 869103 (D. Mass. Mar. 4, 2014). The court again explained that the jury did in fact determine all facts relevant to De La Cruz's 20-year sentence; that the jury was not required to determine either the drug quantity attributable to De La Cruz, or whether the heroin which Wallace ingested was attributable to De La Cruz; and that De La Cruz was merely asserting the same claims that had been "…heard and rejected, only this time with the support of more recent, yet still unhelpful, Supreme Court case law." *Id*. at *2. De La Cruz then appealed the district court's Order of March 4, 2014, and that appeal is now pending in the First Circuit Court of Appeal as Case No. 14-1288.

**CLAIMS ASSERTED IN THE § 2241 PETITION**

De La Cruz alleges that for various reasons, the evidence and expert testimony presented at trial were insufficient to establish either that the heroin which Bryan Wallace

6

ingested was the direct and proximate cause of his death, or that De La Cruz's participation in the drug conspiracy and distribution was the "but for" cause of Wallace's death. [R. 6, pp. 6-11] De La Cruz further asserts that the district court improperly imposed the 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(C), and that pursuant to *Burrage*, he is actually innocent of the sentence enhancement applied to him. [*Id.*] De La Cruz seeks an order either vacating his conviction or directing the district court to re-sentence him.

## DISCUSSION

De La Cruz is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, De La Cruz challenges the constitutionality of his underlying federal conviction and sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. A petitioner may use this provision only where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such

7

a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the movant failed to assert a claim alleging a fundamental defect in his conviction under pre-existing law in a § 2255 motion, or where he did assert such a claim in a § 2255 motion, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

De La Cruz now challenges the sufficiency of the evidence used to convict him, *i.e.*, the accuracy of the autopsy report and the allegedly improper testimony elicited from the government's expert witness, but as to these claims he does not establish that his remedy under § 2255 was inadequate or ineffective. This is because De La Cruz previously and unsuccessfully asserted these same claims either on direct appeal or in his § 2255 motion.

On direct appeal, the First Circuit stated, "In this case, the evidence was overwhelming that Wallace died as a result of heroin that was distributed by Defendant [De La Cruz]," and later "Here, the record amply demonstrates that the jury's verdicts were supported by overwhelming evidence." *De La Cruz*, 514 F. 3d at 141. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

Further, the remedy under § 2255 is not inadequate where a petitioner asserted a legal argument in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at

8

756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. The fact that the district court rejected De La Cruz's various Fifth and Sixth Amendment claims challenging the sufficiency of the evidence in his § 2255 motion does not entitle De La Cruz to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Alternatively, a prisoner can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the defendant's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801. Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). De La Cruz contends that *Alleyne* and *Burrage* announce new rules of law and apply retroactively, and that his 20-year sentence must be set aside.

9

*Alleyne* is the most recent in a series of Supreme Court sentencing cases concerning defendants' Sixth Amendment rights to trial by jury, beginning in 2000 with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). *Apprendi* articulated a distinction between "elements" of an offense, which the constitutional guarantee of the right to a trial by jury requires to be found by a jury beyond a reasonable doubt, and "sentencing factors," which could be found by a judge on a preponderance standard. *Id.* at 485–86, 120 S.Ct. 2348. Other than prior convictions, it held, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348.

In *Alleyne*, the verdict form allowed the jury to find that a firearm had been "[u]sed or carried" or "[b]randished." The jury found the defendant guilty of "carr [ying]" a firearm but declined to make a finding of brandishing. *Alleyne*, 133 S.Ct. at 2155–56. The trial judge sentenced the defendant based on a higher mandatory minimum triggered by the judge's finding by a preponderance of the evidence that the defendant had "brandished" the weapon. *Id.* at 2156. The Supreme Court reversed. In a 5–4 decision, the Court held that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Id.* at 2160. The Court emphasized that these facts were elements that "necessarily form[ ] constituent part[s] of a new offense," or, put differently, were "element[s] of a separate, aggravated offense." *Id.* at 2162. As a result, the Court explained, those aggravating facts must "be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2163.

In *Burrage*, the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), holding that "at least where use of the drug distributed by

10

the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S. Ct at 892. The Court explained that "[T]he 'death results' enhancement ... is an element that must be submitted to the jury and found beyond a reasonable doubt." (citing *Alleyne*, 133 S.Ct. at 2162–63)). De La Cruz contends that *Burrage* applies to him retroactively and affords him relief from his sentence, but for the reasons set forth below, his argument fails.

The Court in *Burrage* did not indicate whether *Burrage* applies retroactively, and to date, the Court is unaware of any authority that would make it retroactive.[4] However, even if *Burrage* applies retroactively, it does not support De La Cruz's argument on the merits, because the jury which convicted him made all of the requisite findings of fact which support the "death results" enhancement of his sentence under 21 U.S.C. § 841(b)(1)(C). The jury found beyond a reasonable doubt that the conspiracy of which De La Cruz was a member distributed one kilogram or more of a substance containing a detectable amount of heroin; that Wallace's ingestion of herein which that conspiracy distributed was a "but for" cause of his death; and that De La Cruz was in the chain of distribution for the heroin that caused Wallace's death. As the district court explained in its recent January 13, 2014, Order:

> Twenty years were imposed as a mandatory minimum sentence because the heroin caused a person's death.... Additionally, the jury's determination of drug quantities attributable to the conspiracy triggered a statutory maximum sentence of life in prison, which the sentencing judge did not exceed....
>
> As to Petitioner's first argument, the sentencing judge's adoption of the PSR and the drug quantities attributable to Petitioner [De La Cruz] triggered neither a mandatory minimum nor maximum sentence. Instead, the drug quantities attributable to the conspiracy as a whole, which were determined by the jury, set the statutory maximum. Petitioner's second argument is

---

[4] *See Taylor v. Cross*, No. 14-cv-304-DRH, 2014 WL 1256371 at *3 (S.D. Ill. March 26, 2014).

> simply an attempt to relitigate an argument already rejected by the First Circuit on direct appeal.... The jury was not required to determine the drug quantity attributable to Petitioner or whether the heroin ingested by Bryan Wallace was attributable to Petitioner. **In any event, all facts relevant to the twenty-year minimum sentence were determined by the jury and *Alleyne* is not implicated**.

See De La Cruz's criminal case, No. 1:01-CR-10118-JLT (D. Mass. Jan. 31, 2014), [R. 540, pp. 2-3, therein (bold emphasis added)]

The jury specifically determined that Wallace's ingestion of the heroin which De La Cruz distributed was a "but-for" cause of his death, which is precisely what *Burrage* dictates that the jury must have done if the sentencing court uses the "death results" enhancement under § 841(b)(1)(C). Thus, the district court therefore properly applied the 20-year mandatory minimum sentence under § 841(b)(1)(C), and De La Cruz's 20-year sentence does not violate either *Alleyne* or *Burrage*. This Court therefore agrees with the district court's March 4, 2014, assessment that *Alleyne* and *Burrage* do not support De La Cruz's effort to collaterally challenge his sentence. *See De La Cruz*, 2014 WL 869103, at *2.[5] Further, to the extent De La Cruz challenges his sentence under *Alleyne* and *Burrage*, he cannot proceed under § 2241 because he is not alleging that he is actually innocent of the underlying drug conspiracy and distribution offenses of which he was convicted. Instead, De La Cruz is merely challenging the term of the sentence imposed upon him, arguing that based on the rule announced in *Alleyne* and *Burrage*, the district court improperly sentenced him to the 20-year mandatory minimum under 21 U.S.C. § 841(b)(1)(C), which applies where death results. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence of the underlying offense of

---

[5] The Southern District of Illinois recently denied a § 2241 petition in which a prisoner challenged his status as a career offender and his enhanced sentence, based on the *Burrage* decision. *See Thelen v. Cross*, No. 3:14-CV-247, 2014 WL 1244150, at *3 (S.D.I ll. March 24, 2014) (stating that the petitioner had not shown that his sentence enhancement was fundamentally defective under *Burrage*, and that his reliance on *Burrage*, which it described as "…one generation removed from *Alleyne* and its progeny…" was misplaced).

which he was convicted. *Alleyne* and *Burrage* are sentencing-error cases, and claims of sentencing error may not serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims").

Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their enhanced sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (sentencing error claims do not qualify as claims of actual innocence under the savings clause).

Finally, De La Cruz seeks an order holding this proceeding in abeyance until the United States Supreme Court decides *Paroline v. United States*, U.S. Case No. 12-8561. In that case, the Supreme Court entered an order on February 21, 2014, allowing the parties to file supplemental briefs on or before March 7, 2014, which address the effect of the *Burrage* decision. *Paroline v. United States*, 134 S.Ct. 1157 (U.S. Feb. 21, 2014) (Mem). Because this Court has determined that *Burrage* does not assist De La Cruz, it will deny his motion to hold this case in abeyance pending a ruling in the *Paroline* case.

In summary, De La Cruz has not demonstrated that his remedy under § 2255 was inadequate to challenge his convictions, nor has he alleged a claim of actual innocence based on the *Alleyne* and *Burrage* decisions. Thus, De La Cruz is not entitled to proceed under § 2241. The Court will deny his petition, and will also deny as moot his pending motions.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Luis De La Cruz's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED.**

2. De La Cruz's motion to appoint counsel [R. 7], motions for expansion of the record [R. 8 and R. 16], motion for production of documents [R. 9], motion seeking bail or release pending a ruling in this proceeding [R. 13], motion requesting DNA testing [R. 14], motion to take judicial notice of *Paroline v. United States*, 134 S. Ct. 1157 (2014), and to hold this case in abeyance pending a ruling in *Paroline* [R. 17], are **DENIED** as **MOOT**.

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This May 1, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY